# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MELVIN L. BAILEY, JR.,

    *Plaintiff*,

vs.

NEVADA'S JUDICIAL SYSTEM, *et al.*

    *Defendants*.

3:11-cv-00874-HDM-VPC

ORDER

This matter comes before the Court on a letter complaint by a Nevada state inmate docketed by the Clerk of Court as a civil rights action.

In the matter submitted, plaintiff Melvin L. Bailey, Jr. seeks to initiate a complaint against "Nevada's Judicial System," a county public defender's office, a district attorney's office, the Nevada Attorney General, and the Nevada Department of Corrections (NDOC). He seeks to initiate such a complaint by way of a letter to a Judge of this Court seeking the Court's intervention, without the giving of any notice to state officials due to alleged unspecified harassment. In the main, the letter complaint seeks to challenge petitioner's conviction and the lawfulness of his incarceration. Petitioner additionally refers near the end of the letter to being subjected to unspecified racial bias in the state prison system, to his own decision to not take his hypertension medication because he is afraid of state authorities, and to a nurse telling him that his blood pressure reading was within normal limits when he "felt" that it was not.

The matter presented is subject to multiple substantial defects and will be dismissed without prejudice.

First, a party may not initiate a proceeding in federal court by way of a letter complaint written to a judge. Federal judges adjudicate cases filed properly on the docket of the court. Federal judges do not independently intervene in disputes in response to letters. Plaintiff must properly commence a civil action.

Second, to properly initiate a civil action, plaintiff either must file a civil rights action on the Court's required civil rights complaint form or must file a habeas petition on the Court's required habeas petition form (which cannot be combined in a single proceeding). Petitioner, again, may not properly initiate a civil action by sending a judge a letter.

Third, to properly initiate a civil action, plaintiff further either must submit the applicable filing fee with the initial pleading or file a properly completed application to proceed *in forma pauperis* for an inmate.

Fourth, a plaintiff may not pursue claims in a federal civil rights action calling the validity of his conviction or sentence into question unless and until the conviction and sentence have been overturned on appeal or post-conviction review. *See,e.g, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It is clear from the face of the papers submitted that plaintiff's conviction and sentence have not been overturned.

Fifth, a number of the parties named in the letter complaint either do not constitute a juridical entity subject to suit in the first instance, may not be sued in federal court due to Eleventh Amendment state sovereign immunity, do not constitute a state actor on the allegations presented, and/or are entitled to absolute immunity.

Sixth, in all events, the Court will not entertain a private complaint challenging petitioner's conviction and/or conditions of confinement in a secret proceeding as to which state officials are not given notice and an opportunity to be heard. If plaintiff initiates an action that proceeds past initial review, the action will be served upon the defendants or respondents and they will be provided an opportunity to respond. The Court will take no action with regard to such a complaint or petition without first giving the defendants or respondents an opportunity to respond. Under well-established law, a state court conviction is presumptively valid, and it clearly may not be challenged in a private, *ex parte* proceeding.

      Due to these multiple substantial defects, this improperly-commenced matter will be dismissed without prejudice. It does not appear that a dismissal without prejudice will materially affect a later analysis of any issue as to untimeliness or other possible procedural bars with regard to a promptly filed and properly commenced new action.[1]

      IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice to the filing of a new properly commenced action with either the required filing fee or a properly completed application to proceed *in forma pauperis*.

      The Clerk of Court shall send plaintiff two copies each of an *in forma pauperis* application form for a prisoner, a noncapital Section 2254 petition form, and a Section 1983 complaint form, along with the instructions for each form and a copy of the complaint.

      The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

      DATED:    December 7, 2011.

*[signature: Howard D. McKibben]*
_____
HOWARD D. MCKIBBEN
United States District Judge

---

[1] The papers on file and the online docket records of the state supreme court reflect that plaintiff was convicted, pursuant to a guilty plea, of two counts of sexual assault on July 24, 1997. He was sentenced to two consecutive terms of life with the possibility of parole after ten years. His conviction was affirmed on direct appeal in No. 30949 on May 14, 1998, and the remittitur issued on June 2, 1998. Bailey thereafter filed a state post-conviction petition, and the denial of state post-conviction relief was affirmed in No. 36990 on August 10, 2001. Over eight years later, on or about December 7, 2009, petitioner filed another state post-conviction petition. The state supreme court affirmed the dismissal of this petition as untimely on September 9, 2010, in No. 56029. Plaintiff dated the present letter complaint to this Court for November 30, 2011, more than a year after the affirmance of the dismissal of his 2009 state petition as untimely.

    Given this procedural history, a dismissal of the present action without prejudice will not materially affect the analysis of any issue as to untimeliness or other possible procedural bars with regard to a promptly filed new action. Plaintiff at all times remains responsible for properly raising and preserving his claims, for calculating the running of the applicable federal limitation period, and for properly commencing a timely-filed federal action.